## HARRIS *v.* IRBY.

### Opinion delivered December 13, 1920.

1. GOOD WILL—AGREEMENT NOT TO RE-ENGAGE IN BUSINESS.—In an action for breach of a contract not to re-engage in the undertaking business, evidence that the business was advertised as belonging to defendant's brother, and that the goods were purchased and shipped in his brother's name, though the business was conducted by defendant, who was employed by his brother, *held* to sustain a verdict that defendant was not proprietor of the business.

2. APPEAL AND ERROR—HARMLESS ERROR.—In an action for breach of a contract not to re-engage in the undertaking business, where the jury found upon sufficient evidence that defendant was not interested in the new business, it was not prejudicial error to refuse to direct a verdict for plaintiffs; there being no evidence that defendant injured plaintiffs by holding himself out as the proprietor of the new business.

Appeal from Clay Circuit Court, Eastern District; *R. H. Dudley,* Judge; affirmed.

*Davis, Costen & Harrison,* for appellants.

1. The undisputed evidence shows that appellee was guilty of a violation of his contract. He admits that he had the exclusive management and control of the *"Irby, Undertaker,"* business. He was the *buyer* and *paymaster* and funeral director; he was in all things the same *Irby, Undertaker,* who sold his business to appellants, and there was a breach of the contract. 20 L. R. A. (N. S.), 769, and note; 6 R. C. L. 1018, 1019; 54 Ark. 216. If no *actual* damages were proven yet nominal damages were recoverable, 61 Ark. 613, and the court erred in refusing plaintiff's request No. 1, and the verdict is in con-

flict with the court's instruction No. 7 and contrary to the undisputed facts.

*W. E. Spence,* for appellee.

This court in 54 Ark. 216 stated the rule governing the measure of damages in this kind of a case. The instructions here cover this case in all its phases and the evidence fully sustains the verdict.

McCULLOCH, C. J. Defendant, W. H. Irby, was engaged in business as an undertaker in the town of Rector, and on September 26, 1918, sold his business and stock in trade and hearse to the plaintiffs. There was a written contract of sale which contained the following provisions:

"Party of the first part agrees as a further consideration that he will not enter into said undertaking business in the city of Rector for the period of one year from the date hereof, unless parties of the second part have discontinued said business."

About four or five months after the execution of this contract a new business in the undertaking line was established in Rector and was operated by the defendant. The present action was instituted to recover damages under the charge that defendant broke the contract by entering into business in violation of the terms of the contract. The charge in the complaint is that defendant was the proprietor of the new business, but the latter in his answer denied that he was proprietor and stated that his brother, W. F. Irby, was the proprietor, and that he was an employee of his brother in operating the business. There was a trial of the issues before a jury which resulted in a verdict in favor of the defendant and the plaintiffs have appealed.

The testimony established the fact that the new business operated by the defendant was carried on with a sign over the door reading "Irby, Undertaker," but that the business was advertised in a local newspaper as being the business of W. F. Irby, defendant's brother. The testimony tends to show that at that time W. F. Irby was

a farmer and a school teacher living away from Rector, and that the management of the business was entirely in the hands of the defendant; that the defendant gave his personal attention to the business, was in attendance at the place of business, purchased the stock and materials, attended to sales and to the burial of the dead and assisted in embalming the dead; that he made collections and drew checks in the payment of bills.

Defendant testified himself that he was not interested in the business, but was employed by his brother at a salary of $100 per month, and that he looked after the business under his brother's direction and frequently consulted the latter. He testified also that the goods were purchased and shipped in his brother's name and that the business was carried on in his brother's name.

The facts of this case fall within the rules of law announced by the court in the case of *Daniels* v. *Brodie*, 54 Ark. 216, as follows: "If the defendant was the sole or a joint proprietor in such business, he would be liable to the extent of the loss occasioned to the plaintiff by that business; but if he was not such proprietor and only caused it to be believed that he was, the plaintiff's damage would cover only the loss to him occasioned by that belief, and would not include any loss caused by the competing business, independent of that belief."

The court's charge was in conformity with the law thus announced. The plaintiffs requested the court to give an instruction telling the jury peremptorily that defendant was guilty of a breach of the contract, and that the verdict should be for the plaintiffs.

It is insisted now that, according to the undisputed evidence, the relationship of the defendant to the new business was such as to induce in the minds of the public the belief that he was the proprietor, and that the court erred in refusing to give the peremptory instruction. There was certainly an issue of fact for the determination of the jury as to whether or not the defendant was the proprietor of the business. That issue was properly

submitted to the jury, and the verdict is conclusive as to that.

We deem it unnecessary to decide whether or not, according to the undisputed testimony, defendant held himself out as the proprietor for the reason that no damages have been proved on that issue. Plaintiffs directed the whole of the proof in the effort to show damages from the competing business itself, and there is no proof that damages resulted independently of the competing business on account of the belief in the minds of the public that defendant was interested as proprietor, and such was the state of the proof in *Daniels* v. *Brodie, supra,* and the court there held that there was no prejudice in the erroneous instruction, and the court refused to reverse the judgment on that ground. The same result must follow from the state of the record in this case, for, as no damage was proved, there was no prejudicial error in refusing to give the peremptory instruction.

Affirmed.